IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM CUNNINGHAM,

    Petitioner,

vs.

CLAUDE E. FINN, et al.,

    Respondents.

No. 2:07-cv-1924-GEB-JFM (HC)

ORDER

---

Petitioner is a former state prisoner on parole proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By this action, petitioner challenges a 2006 decision of the California Board of Prison Hearings to deny him a parole date. On March 9, 2009, petitioner filed a notice of change of address in which he informs the court that he was found suitable for parole at a parole hearing on September 17, 2008 and released from state prison on February 20, 2009.[1] Petitioner's release on parole raises a question whether this action is moot.

---

[1] Petitioner also requests a complete copy of the petition for writ of habeas corpus filed in this action. Petitioner is advised that the Clerks's Office does not provide copies of documents to parties. Copies of documents may be obtained from Attorney's Diversified Services (ADS), 1424 21st Street, Sacramento, CA 95814, telephone number 916-441-4396.

1

Good cause appearing, IT IS HEREBY ORDERED that within twenty days from the date of this order the parties shall file briefs addressing whether the instant action should be dismissed as moot. In addition to any other matters, the parties shall advise the court of the length of petitioner's parole and address the application McQuillion v. Duncan, 342 F.3d 1012 (9th Cir. 2003), as interpreted in Burnett v. Lampert, 432 F.3d 996, 1000 (9th Cir. 2005), to this case.[2]

DATED: March 12, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
cunn1924.osc

---

[2] The Burnett decision includes the following: "Burnett urges us to follow McQuillion v. Duncan, 342 F.3d 1012 (9th Cir. 2003) (*"McQuillion II"*), and advance his currently scheduled parole release date by three years and eight months, thereby remedying his alleged injury-in-fact. But *McQuillion II's* logic does not apply here because McQuillion had not been released on parole when this court considered his habeas petition, whereas Burnett has been released *and* reimprisoned for a parole violation. We would have been essentially *lengthening* McQuillion's sentence if we had ruled that he was required to serve a term of parole after his release from prison. By the time the *McQuillion II* court heard the case, McQuillion had already served more time in prison than his lawful period of imprisonment and parole combined. Id. at 1015.